IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY HUGHLEY, #190065, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-19-1950 |
| MATTHEW CARPENTER, P.A., *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Anthony Hughley's Motion for Reconsideration (ECF No. 34) of the Order granting judgment in favor of Defendants (ECF No. 33). Upon consideration of the Motion, the Court finds it provides no grounds for reconsideration and will be denied.

On September 23, 2020, the Court granted Defendants' Motion for Summary Judgment after determining that no reasonable factfinder could conclude that Defendants were deliberately indifferent to Plaintiff's serious medical needs. ECF Nos. 32, 33. In addition, the Court declined to exercise supplemental jurisdiction over Plaintiff's medical negligence claims and denied his request for punitive damages and injunctive relief. *Id.*

On October 27, 2020, the Court received for filing Plaintiff's Motion for Reconsideration, which he signed on October 21, 2020. ECF No. 34. In the Motion, Plaintiff claims that he continues to be in pain due to his medical condition and asserts that he has copies of numerous requests for Administrative Remedy Procedures ("ARP") "which would have revealed that there is a pattern of abuse and neglect" on the part of Defendants. *Id.* Plaintiff also notes that he was recently denied a single cell despite having such recommendation from a medical provider. *Id.*

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir.), *cert. denied*, 132 S. Ct. 115 (2011). But, to avoid elevating form over substance, a

motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278–80 (4th Cir. 2008). In an abundance of caution, the Court construes the Motion for Reconsideration as filed on the date it was signed by Plaintiff, or twenty-eight days after the final judgment. Thus, Rule 59(e) controls. *Bolden v. McCabe, Weisberg & Conway, LLC*, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D. Md. Mar. 13, 2014). *See also* Fed. R. Civ. P. 59(e) (stating that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

"Federal Rule of Civil Procedure 59(e) permits the district court to reconsider a decision in certain circumstances." *Ross v. Early*, 899 F. Supp. 2d 415, 420 (D. Md. 2012) (citing Fed. R. Civ. P. 56(e)), *aff'd*, 746 F.3d 546 (4th Cir. 2014). But, the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment. However, the Fourth Circuit has clarified: "Our case law makes clear [] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see also United States ex rel Carter v. Halliburton Co.*, 866 F. 3d 199, 210–11 (4th Cir. 2017), *cert. denied*, 2018 WL 587746 (June 25, 2018).

As indicated, a district court may amend a judgment under Rule 59(e), inter alia, to "prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Another purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors*

*Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). In other words, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)); *see* 11 WRIGHT ET AL, FED. PRAC. & PROC. CIV. § 2810.1 (3d ed.) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied").

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted).

Plaintiff's Motion does not present any of these circumstances. Since the grant of summary judgment in Defendants' favor, there has been no change in the controlling law, nor has Plaintiff presented any new evidence. Plaintiff only contends that he continues to be in pain despite the medical treatment he has received and that he has copies of ARPs to show that he exhausted his claims. Plaintiff's allegations, even if true, however, have no impact on the Court's determination that no reasonable factfinder could conclude that Defendants were deliberately indifferent to his serious medical needs.[1] As there is no clear error of law and manifest injustice will not otherwise

---

[1] To the extent Plaintiff claims that he was recently denied a single cell despite having such

3

occur, the Court will deny Plaintiff's Motion for Reconsideration.

Accordingly, it is hereby ORDERED, by the United States District Court for the District of Maryland, that:

1. Plaintiff's Motion for Reconsideration (ECF No. 34) IS DENIED; and
2. The Clerk SHALL SEND a copy of this Order to Plaintiff and to counsel.

Dated this 13 day of November, 2020.

FOR THE COURT:

James K. Bredar
Chief Judge

---

recommendation from a medical provider, he may file a new 42 U.S.C. § 1983 complaint if he believes such conduct violates his rights.